```
         IN THE UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF ARKANSAS
                 HOT SPRINGS DIVISION
```

ROBERT S. JOHNSON, JR.                                PLAINTIFF

       v.            Civil No. 06-6009

MELVIN STEED, Garland
County Detention Center                               DEFENDANT

### ORDER

On December 18, 2006, the plaintiff filed a motion to recuse or disqualify the defendants' counsel (Doc. 11), which motion was denied by an Order entered on December 19, 2006. (Doc. 13). The Court has now reconsidered the said motion and, for reasons hereinafter set forth, the said Order entered on December 19th is hereby set aside.

    1. Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 20, 2006. He proceeds pro se and in forma pauperis.

In the complaint (Doc. 1) and addendum (Doc. 8), Johnson alleges that while incarcerated at the Garland County Detention Center his constitutional rights were violated in the following ways: (1) he was denied access to the law library; (2) the grievance procedure was inadequate; (3) he was subjected to verbal abuse; and (4) he was subjected to unconstitutional conditions of confinement.

    2. In the motion to recuse, Johnson contends that defendants' counsel, Ralph Ohm, has a conflict of interest because he was the district judge who handled Johnson's arraignment on harassment charges filed by Captain Melvin Steed

-1-

AO72A
(Rev. 8/82)

and Deputy David Shelby.  Johnson states that Judge Ralph Ohm found Johnson to be indigent, appointed him a public defender, and set the case for trial.

In response, defendants admit their counsel (Mr. Ohm) also serves as a part-time district court judge.  However, they state that he merely arraigned Johnson, found him to be indigent, appointed him a public defender, and set the case for trial before the Honorable Marcia Hernsberger, Garland County District Court Judge, Division I.  Following the arraignment, defendants state their counsel had no other contact with the plaintiff concerning his criminal case.  Based on the foregoing, defendants say their counsel should not be disqualified from representing them in this matter.

It appears to the Court that defendants assume plaintiff's motion is based on his belief that defendants' counsel may become a necessary witness in the case.  With respect to that assumption, defendants argue that their counsel can only be disqualified under Rule 3.7 of the Arkansas Rules of Professional Conduct if his testimony is going to be material and cannot be obtained elsewhere.  *See e.g., Weigel v. Farmers Ins. Co., Inc.*, 356 Ark. 617, 158 S.W.3d 147 (2004).  They argue that the situation here is not such that would require Mr. Ohm's disqualification under that Rule.  They say their counsel has no personal knowledge regarding plaintiff's conditions of confinement and that he was careful to insure he had no involvement in the adjudication of plaintiff's criminal trial.

Defendants, therefore, ask that the motion to disqualify their counsel be denied.

3. Rule 3.7 of the Arkansas Rules of Professional Conduct provides as follows:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
>
>> (1) the testimony relates to an uncontested issue;
>>
>> (2) the testimony relates to the nature and value of legal services rendered in the case; or
>>
>> (3) disqualification would work substantial hardship on the client.

The comment to this rule provides that "[c]ombining the roles of advocate and witness can prejudice the tribunal and the opposing party and can also involve a conflict of interest between the lawyer and client."

In *Weigel*, the court held that Rule 3.7 was applicable to cases where the attorney would "be called to testify for the opposing party, provided the opposing party demonstrates three things: (1) that the attorney's testimony is material to the determination of the issues being litigated; (2) that the evidence is unobtainable elsewhere; and (3) that the testimony is or may be prejudicial to the testifying attorney's client." *Id.*, 356 Ark. at 625 (citations omitted).

This three-pronged test was viewed as necessary to prevent "Rule 3.7 from being used as a sword or a tactical measure to

hinder the other party's case." *Id.,* 356 Ark. at 625.  The test was said to "strike[] a reasonable balance between the potential for abuse and those instances where the attorney's testimony may be truly necessary to the opposing party's case." *Id.* (citations and internal quotation marks omitted).  The court felt the test took into consideration "many of the reasons for prohibiting an attorney from being both advocate and necessary witness:  (1) an advocate who becomes a witness may be in the unseemly position of arguing his own credibility; (2) the roles of advocate and witness are inconsistent and should not be assumed by one individual; and (3) the attorney should not act as both trial counsel and a material witness because of the appearance of impropriety."  *Id.*, 356 Ark. at 625-626 (citations omitted).

While the Court agrees Johnson has not shown that disqualification of Mr. Ohm is necessary under Rule 3.7, such conclusion does not resolve the issue raised.

Mr. Ohm represents Captain Melvin Steed and Judy McMurrian of the Garland County Detention Center.  A case against these individuals in their official capacities is the equivalent of a case against Garland County.  *See e.g., Butler v. Fletcher*, 465 F.3d 340, 342 (8th Cir. 2006)(A suit against an the Sheriff in his official capacity is in essence a suit against the County).

It is shown to the Court that Mr. Ohm is a part-time judge for the Hot Springs District Court.  The Court takes judicial

notice of the facts that Hot Springs District Court is in Hot Springs, Arkansas and that Hot Springs is located in Garland County.

Pursuant to Amendment 80 to the Arkansas Constitution, district courts have limited county-wide jurisdiction over misdemeanor cases, preliminary felony cases, and certain civil cases in matters of less than $5,000.  2 David Newbern & John J. Watkins, *Arkansas Civil Prac. & Proc.* § 2.5 (4th ed. 2007).

Canon 2 of the Arkansas Code of Judicial Conduct provides that:  "A Judge shall avoid impropriety and the appearance of impropriety in all of the judge's activities."  Ark. Code Jud. Conduct 2.  The notes with respect to the application of the Arkansas Code of Judicial Conduct state that a "continuing part-time judge . . . shall not practice law in the court on which the judge serves or in any court subject to the appellate jurisdiction of the court on which the judge serves, and **shall not act as a lawyer in a proceeding in which the judge has served as a judge or in any other proceeding related thereto**." *Application of the Code of Judicial Conduct* B(2) (emphasis added), www.state.ar.us/jddc/conduct.html#application .

The Judicial Ethics Advisory Committee has issued three advisory opinions dealing with  the issue of part-time judges practicing law which appear to have relevance to the issue before this court.

(a) One of the advisory opinions was issued to Ralph Ohm on April 9, 1999, Advisory Opinion #99-02, and deals with whether he should continue to act as civil attorney for Garland County while serving as municipal judge. *Judicial Ethics Advisory Committee, Advisory Opinion* #99-02 (April 9, 1999). The opinion indicates Mr. Ohm had entered into an agreement with the other municipal judge that Ohm would preside over only city cases and that the other judge would handle all cases involving county ordinance, county officials, the Garland County Sheriff's Department, and the Arkansas State Police.

Despite this arrangement, the committee stated it was troubled by the situation where Ohm acted both as municipal judge and civil attorney for Garland County. It noted that Canon 1 of the Code of Judicial Conduct required judges to uphold and independence of the judiciary and Canon 2 required judges to avoid even the appearance of impropriety. It stated it could not prohibit him from holding both positions in light of his obvious attempts to avoid possible conflicts. However, it stated holding both roles was unwise and imprudent. Their advice was that he step down as county attorney. If he continued to hold the position, he was advised to be particularly alert to conflicts and the need to recuse as judge or refrain from acting as county attorney in particular matters.

-6-

(b) Another advisory opinion, Advisory Opinion #97-04, was issued to John Dodge on June 13, 1997. *Judicial Ethics Advisory Committee, Advisory Opinion* #97-04 (June 13, 1997). Mr. Dodge was a part time city Judge for Sulphur Springs but also represented the city various matters. The Committee stated that is it were not for the Application Section of the Code exemption of Canon 4G, practice of law for a continuing part-time judge, Dodge could not engage in the practice of law. While part-time judges were allowed to practice law to supplement their income, the Committee stated "we are of the opinion that . . . extra care and effort must be made so as not to create the appearance of impropriety."

The Committee referred to Canon 2 and stated:

> It is our opinion that your representing the city that you serve as municipal judge could create, in reasonable minds, a perception that your ability to carry out your judicial responsibilities with integrity, impartiality, and competence is impaired. Therefore, we conclude that it would be inappropriate for a municipal judge to represent the city that he serves in any cases regardless of the forum. Your private practice should be as far removed as possible from your court and the city you serve. The public simply could not be expected to understand the fine lines of jurisdictional issues and would tend to look at the judge as both the attorney and the judge for the city.

*Judicial Ethics Advisory Committee, Advisory Opinion* #97-04 (June 13, 1997).

(c) Another advisory opinion was issued to Steven Howard on June 2, 2005. *Judicial Ethics Advisory Committee, Advisory*

-7-

*Opinion* #2005-03 (June 2, 2005). He asked whether his service as a part-time Newport City Attorney (City Prosecutor) and a part-time Deputy Prosecuting Attorney would conflict with his service as a continuing part-time City Court Judge in Tuckerman and Swifton. He was a part-time Deputy Prosecuting Attorney for Jackson County and Tuckerman and Swifton were in Jackson County. The Committee was of the opinion that his serving as Deputy Prosecuting Attorney for Jackson County and as a City Court Judge in towns located in Jackson County would be a violation of the code.

    4.   The Court notes that Johnson has two other pending civil rights cases -- and he has filed motions to recuse in all three.

    *   In *Johnson v. Captain Melvin Steed and Deputy David Shelby*, civil no. 06-6030, Johnson contends he was retaliated against because he filed his other civil rights cases 06-6018 and 06-6009.

    *   In 06-6030, Johnson asserts that he made repeated requests to file harassment charges against Shelby but instead Steed filed harassment charges against Johnson. Johnson alleges the harassment charges were filed because he filed too many grievances against Shelby. It is these harassment charges over which Ohm presided as Judge.

\*   In *Johnson v. Captain Melvin Steed and Judy McMurrian*, civil no. 06-6018, Johnson alleges that while incarcerated at the Garland County Detention Center he was, among other things, refused access to the law library, subjected to verbal abuse, his medication was improperly dispensed or refused, and he was locked-down and disciplined for the conduct of others.

5.  Having given careful consideration to facts of this case and in light of Canon 2 of the Arkansas Code of Judicial Conduct and the Application Notes regarding the practice of law by part-time judges, the Court concludes it is inappropriate for Mr. Ohm to serve as counsel for defendants in this case since he presided over the arraignment of the plaintiff.

The Court notes in passing that plaintiff's criminal charges were allegedly filed by the defendants against him in retaliation for his submitting grievances at the detention center and/or his filing other civil rights actions against them.  All three of these cases appear to be inter-related. Given his involvement in the criminal case, however minimal it may have been, the Court believes it is inappropriate for Mr. Ohm to represent the defendants in this case.

6.  Accordingly, upon reconsideration, plaintiff's motion (Doc. 11) will be granted and defendants are given **twenty days to have substitute counsel enter an appearance on their behalf**. At that time, Mr. Ohm will withdraw from this case.

AO72A
(Rev. 8/82)

**IT IS SO ORDERED** this 6th day of February 2007.

                                    /s/ Jimm Larry Hendren
                                    UNITED STATES DISTRICT JUDGE

**AO72A**
**(Rev. 8/82)**