IN THE UNTIED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ROBERT S. JOHNSON                                                                                    PLAINTIFF

v.                                        Civil No. 6:06-cv-6009

MELVIN STEED;
JUDY McMURRIAN, Assistant Administrator,
Garland County Detention Center;
DEPUTY DAVID SHELBY                                                                           DEFENDANTS

## MEMORANDUM OPIONION

Robert S. Johnson (Plaintiff) filed a *pro se* civil rights action under 42 U.S.C. § 1983 on March 20, 2006 against Defendant Steed; on April 20, 2006 against Defendants Steed and McMurrian, and on June 26, 2006 against Defendants Steed and Shelby. (Doc. 1 in cases 6:06-6009 (W.D. Ark. March 20, 2006); 6:06-6018 (W.D. Ark. April 20, 2006); and 6:06-6030 (W.D. Ark. June 26, 2006)). Plaintiff's Complaints were filed *in forma pauperis* (IFP) and certified to proceed. On February 6, 2007 (Doc. 16)[1], all three of these cases were consolidated with case 6:06-6009 designated as the lead case.[2]

Defendants filed their court-ordered Motion for Summary Judgment on April 30, 2007. (Doc. 20). The undersigned entered an Order on March 4, 2008, granting in part and denying in part Defendants' Motion for Summary Judgment. (Doc. 26). The Defendants were directed to file a supplemental Motion for Summary Judgment regarding Plaintiff's claims his rights to due process rights were violated. *Id.* Defendants filed their Second Motion for Summary Judgment on March 18, 2008. (Doc. 27). The Court directed Plaintiff to respond to the Second Motion for Summary

---

[1] The docket numbers for this case are referenced by the designation "Doc."

[2] Unless otherwise noted, all subsequent document references are to documents filed in the lead case: 06-cv-6009 (W.D. Ark. March 20, 2006).

Judgment and provided a questionnaire to assist Plaintiff in that response. (Doc. 30). On April 30, 2008, the Plaintiff filed his response to the Second Motion for Summary Judgment. (Doc. 31). The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. 19). Pursuant to this authority, the Court issues this Memorandum Order.

### I. Background

Plaintiff's claims arise from when he was detained in the Garland County Detention Center. Plaintiff alleges Defendants Steed and McMurrian improperly conducted disciplinary hearings. Specifically, Plaintiff states he was denied the right to call any witnesses or have the presiding officer view any camera footage of the incident for which he was disciplined.

### II. Discussion

Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56 (c). The Court views the evidence and the inferences which may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *See Adkison v. G.D. Searle & Co.*, 971 F.2d 132, 134 (8th Cir. 1992). The moving party has the burden of showing the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Plaintiff alleges that during his disciplinary hearing for fighting with another inmate he was not allowed to call witnesses or provide video evidence on his behalf. Plaintiff challenges these actions as a due process violation.

In *Wolff v. McDonnell,* 418 U.S. 539 (1974), the Supreme Court established certain minimum

due process rights which must be afforded prisoners in disciplinary proceedings. Among these requirements is an inmate's *limited right* "to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Id.* at 566. While prison officials retain discretion to refuse to call witnesses "whether it be for irrelevance, lack of necessity, or the hazards presented in individual cases," *id.*, this discretion "is not unbounded." *Cardaropoli v. Norton,* 523 F.2d 990, 998 (2d Cir. 1975). Courts have recognized that the right to call witnesses is basic to a fair hearing and that there must be a legitimate reason for denying a prisoner this opportunity. *See Wolff,* 418 U.S. at 566; *Woods v. Marks,* 742 F.2d 770, 773-74 (3d Cir. 1984); *Redding v. Fairman,* 717 F.2d 1105, 1114 (7th Cir. 1983), *cert. denied,* 465 U.S. 1025 (1984); *Bartholomew v. Watson,* 665 F.2d 915, 918 (9th Cir. 1982). *Cf. White v. Wyrick,* 727 F.2d 757 (8th Cir. 1984) (no right to compulsory process).

Thus, prison officials may not arbitrarily deny an inmate's request to present witnesses or documentary evidence. *See Ponte v. Real,* 471 U.S. 491 (1985). Moreover, the officials must at some point explain their reasons for refusing to grant such a request. Finally, the burden of proving adequate justification rests with the prison officials. *See id.*

The *Wolff* Court stated that it would be "useful" if the prison officials stated their reasons for refusing to call witnesses. *See Wolff,* 418 U.S. at 566. But this was not made a requirement. *See Baxter v. Palmigiano,* 425 U.S. 308, 322 (1976). This led some courts to hold that where such a statement of reasons is not provided, the reasons for the refusal must appear in the administrative record. *See e.g., Hayes v. Thompson,* 637 F.2d 483, 488 (7th Cir. 1980). However, the Supreme Court held that this also is not a due process requirement and that prison officials may wait until the refusal is challenged in court to provide the rationale for their actions. *See Ponte,* 471 U.S. at 503.

Defendants state Plaintiff's witnesses would have been irrelevant and unnecessary as

Deputies witnessed the fight between Plaintiff and the other inmate which was the basis for the disciplinary action. Moreover, both Plaintiff and the other inmate admitted to being involved in a fight. Defendants state this admission to a rules violation made any other witnesses irrelevant. Plaintiff states he disagreed with the allegations against him, to the extent that he was not the aggressor, and was merely defending himself. However, the decision to not allow Plaintiff's witnesses and evidence appears to be within the sound discretion of the Disciplinary Board to find these witnesses irrelevant. It also appears the policy of Garland County regarding inmate altercations would have imposed disciplinary action for fighting regardless of who was the initial aggressor. In fact, the Disciplinary Board Action (Doc. 28, Ex. 5) shows Plaintiff's statement that the other inmate came into his cell was evaluated by the board, and that Plaintiff admitted both he and the other inmate threw punches at each other.

Additionally, the Defendants named in this suit were not members of the disciplinary board who heard Plaintiff's proceeding. Thus, if any due process violations had occurred in disallowing Plaintiff's witnesses, such a decision was not made by these Defendants. Defendants' Second Motion for Summary Judgment (Doc. 27) should be granted.

### III. Conclusion

For the foregoing reasons, Defendants' Second Motion for Summary Judgment (Doc. 27) is **GRANTED**.

**IT IS SO ORDERED** this **2nd day of June 2008.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE